IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joe Hemingway, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:04-23002-CWH |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On November 16, 2004, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On March 31, 2005, the government moved for summary judgment. On April 1, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On May 4, 2005, the petitioner responded to the motion for summary judgment and on June 24, 2005 supplemented his response. This matter is now ready for disposition.

On September 24, 2002, a grand jury returned a two count indictment charging the petitioner, Arthur McNeil, and Tryone Lynch with: Count (1) conspiracy to possess with intent to distribute less than 50 kilograms of marijuana, and Count (2) carrying a firearm in furtherance of the drug trafficking charge in Count (1). In a separate criminal action, on January 14, 2003, the petitioner was charged in an information with one count of being a felon in possession of ammunition. On January 14, 2003, the petitioner pled guilty to conspiracy to possess with intent to distribute marijuana and being a felon in possession of ammunition. On September 22, 2003, the Court sentenced the petitioner to 63 months confinement followed by 3 years of supervised release for the possession of ammunition charge and 60 months confinement followed by 3 years

of supervised release for the conspiracy charge with the sentences running concurrently.

The petitioner appealed his guilty plea and sentence claiming Magistrate Judge Thomas E. Rogers, III did not comply with Rule 11 of the Federal Rules of Criminal Procedure, challenging the Court's adoption of the factual findings made in the presentence report, and in a pro se brief, generally contesting the Court's application of the Sentencing Guidelines. On May 12, 2004, the Fourth Circuit Court of Appeals affirmed the petitioner's guilty plea and sentence.

The petitioner raises the following claims in this action: (1) the petitioner's sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004); (2) ineffective assistance of counsel for failing to investigate a potential alibi witness; (3) ineffective assistance of counsel for not arguing the petitioner was using drugs and not distributing them; (4) ineffective assistance of counsel for failing to object to the speculative evidence used to support the amount of drugs attributed to the petitioner; (5) ineffective assistance of counsel for failing to investigate the petitioner's criminal history to determine if the petitioner's civil rights were restored; (6) ineffective assistance of counsel for failing to object to the use of a conviction which took place more than 15 years before the current conviction; (7) ineffective assistance of counsel for coercing the petitioner to plead guilty to being a felon even though the petitioner was not a felon; and (8) ineffective assistance of counsel for failing to "utilize" a co-defendant's inconsistent statements.

First, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review."

Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2004, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

The petitioner's remaining claims allege ineffective assistance of counsel during his guilty plea and sentencing. In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that

"[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims counsel neglected to investigate a potential alibi witness, Arthur McNeil (the petitioner's co-defendant). The petitioner does not allege what McNeil would have testified to. Moreover, counsel states in an affidavit that he evaluated McNeil's testimony and determined McNeil intended to testify against the petitioner. The petitioner fails to demonstrate that counsel was deficient or counsel's representation prejudiced him and is not entitled to relief on this claim.

Second, the petitioner claims counsel should have argued the petitioner did not intend to distribute drugs but intended to purchase drugs for his own use. Counsel states in an affidavit that there was no evidence that the petitioner intended to purchase the drugs for his own use. In addition, at the guilty plea hearing, Magistrate Judge Rogers recited the elements of conspiring to possess with intent to distribute marijuana and the factual basis supporting the charge to the petitioner and then asked the petitioner if he understood. The petitioner replied that he did. The petitioner is not entitled to relief on this claim.

Third, the petitioner claims counsel was ineffective for failing to object to the drug amount attributed to him. At the petitioner's guilty plea hearing, however, Magistrate Judge Rogers informed the petitioner of the amount of marijuana attributed to him and then asked if the petitioner agreed with the facts and the petitioner replied that he did. In addition, at sentencing the Court told the petitioner that he could object to the amount of drugs attributed to him but the petitioner replied that he did not want to object. The petitioner is not entitled to relief on this claim.

The petitioner's fourth, fifth, and sixth claims essentially allege that he was not a felon and counsel was ineffective for advising him to plead guilty to being a felon in possession of ammunition. The government contends that the presentence report cites two convictions in North Carolina which qualify the petitioner as a felon for the purposes of section 922(g)(1). Citing sentencing guideline 4A1.2(e), the petitioner first argues that the qualifying convictions are too old to render him guilty of being a felon in possession of ammunition. Section 922(g), however, does not limit the use of convictions based on the time the conviction occurred. The time limitation in section 4A1.2(e) applies in the assessment of criminal history points under the sentencing guidelines. Counsel states in an affidavit and the presentence report reveals that no criminal history points were assessed on criminal convictions over 15 years old.

The petitioner also argues, for the first time in his response, that prior to the conviction for possession of ammunition, his civil rights had been restored exempting him from the provisions of section 922(g). Section 922(g)(1) penalizes possession of a firearm or ammunition by a defendant who has been convicted in any court of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). A Court must look to the laws of the

jurisdiction of the conviction to define the phrase "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20). A conviction for which a person has had his civil rights restored shall not be considered a conviction for the purposes of section 922(g), unless the restoration of civil rights expressly prohibits the person from possessing firearms. Id.

The government claims the petitioner has at least two convictions which meet the definition provided under section 921(a)(20) and references two other qualifying convictions. First, a conviction in 1981 for breaking and entering and larceny in which the petitioner received a two year sentence, second, misdemeanor escape for which the petitioner received a sentence of imprisonment in excess of one year, third, felony escape for which the petitioner received a two year sentence, and fourth, assault with a deadly weapon, inflicting serious injury also a felony in which the petitioner received a two year sentence.[1]

In North Carolina, civil rights are restored upon the unconditional discharge of an inmate from prison, a defendant under suspended sentence, a probationer from probation, or a parolee from parole. N.C. Gen. Stat. § 13-1(1); see also United States v. Essick, 935 F.2d 28, 30 (4th Cir. 1991). The agency or court having jurisdiction over the person whose rights are restored under section 13-1(1) must immediately issue a certificate evidencing restoration of the rights. N.C. Gen. Stat. § 13-2; see also Essick, 935 F.2d at 30. As a result, a person's civil rights are automatically restored through the passage of time. Essick, 935 F.2d at 30. When the petitioner committed the offenses listed above, North Carolina restored the right to possess a firearm five

---

[1] Counsel objected to the use of a 1988 arrest for assault with a deadly weapon, inflicting serious injury claiming the charges were subsequently dismissed. The probation officer responded that court records indicated that the defendant had been convicted of the charge in March 16, 1994.

years after a defendant was discharged from a correctional institute or termination of a suspended sentence, probation, or parole upon such conviction whichever was later.  N.C. Gen. Stat. § 14-415.1 (1995); see also Essick, 935 F.2d at 30.

In 1995, however, the North Carolina legislature amended section 14-415.1.  The amendment removed the authorization for a felon to possess a firearm five years after discharge of a conviction and restricted a felon's right to possess a firearm to possession at home or the felon's place of business.  N.C. Gen. Stat. § 14-415.1 (2002).  The Legislature made the amendment retroactive, which restricted a felon's right, even one who had been discharged under the old law, to possess a firearm.  N.C. Gen. Stat. § 14-415.1(b)(1) (2002); see also State v. Johnson, 610 S.E 2d 739, 741 (N.C. App. 2005).

The Fourth Circuit has held that North Carolina's change in a felon's right to possess a firearm was not intended as punishment but as a civil disability which was not punitive in nature.  As a result, imposing a limitation on a felon's right to possess a firearm which is more restrictive than the limitation in effect when the felon committed the predicate offense or when the felon was discharged from his sentence does not violate the *ex post facto* clause.  See United States v. O'Neal, 180 F.3d 115, 122-123 (4th Cir. 1999); see also Johnson, 610 S.E.2d at 741(a conviction of a defendant under new statute for possession of a firearm when defendant had been authorized under earlier version of statute to possess a firearm, did not violate the *ex post facto* clauses in the North Carolina or United States Constitutions.).  After the amendment in 1995, the petitioner could only legally possess firearms within his home or business.  In 2002, the petitioner possessed ammunition while in a vehicle.  Under North Carolina law as it then existed, the petitioner's right to possess a firearm was limited, and  possessing ammunition while in a

vehicle, consequently, violated section 922(g)(1).

In addition, at the guilty plea hearing, Magistrate Judge Rogers asked the petitioner if he had been convicted of a crime punishable by a term of imprisonment exceeding one year and the petitioner replied that he had. The petitioner is not entitled to relief on this claim.

Finally, the petitioner claims counsel was ineffective for failing to utilize the prior inconsistent statements made by the petitioner's co-defendant, Tyrone Lynch. The petitioner does not allege how Lynch's testimony would have affected a trial or sentencing. Counsel states in an affidavit that Lynch's statements would not have been useful in a trial. In addition, counsel based an objection to findings made in the presentence report on Lynch's inconsistent statements. The petitioner, however, would not allow counsel to argue the objection at sentencing. The petitioner fails to demonstrate that counsel was deficient or counsel's representation prejudiced him, and he is not entitled to relief on this claim.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 18, 2005
Charleston, South Carolina